UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW A. DUBOIS,<br><br>    Plaintiff,<br><br>  v.<br><br>WASHOE COUNTY JAIL, et al.,<br><br>    Defendants. | Case No. 3:12-cv-00415-MMD-VPC<br><br>ORDER |

Plaintiff, who is a prisoner in California, has submitted a civil rights complaint (dkt. no. 1) pursuant to 42 U.S.C. § 1983. Although the Court had not yet screened the complaint pursuant to 28 U.S.C. § 1915A, summons were issued and some defendants were served. Defendants Gail Singletary, who is named in the complaint as "Medical Director/Supervisor," and Mark Hahn have filed a motion to dismiss (dkt. no. 4). Defendant Washoe County Jail also has filed a motion to dismiss (dkt. no. 9). The Court has screened the complaint and reviewed the motions to dismiss. The Court will grant the motions and give plaintiff leave to file an amended complaint that corrects the defects of the original complaint.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.

Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

At all relevant times, plaintiff was a pre-trial detainee in the Washoe County Detention Facility. Based upon the allegations in the complaint and the supporting documents that plaintiff attached to the complaint, it appears that he was involved in a vehicular collision near Truckee, California. He was transported to a hospital in Reno, Nevada, where he received surgery for his wounded right foot. Plaintiff was discharged from the hospital to the custody of the Washoe County Detention Facility on August 11, 2010. On August 17, 2010, he complained about the smell from his right foot. A nurse removed the dressing, for the first time all week according to plaintiff, and revealed necrotic tissue. According to documents attached to the complaint, defendant Hahn ordered medications be given to plaintiff. On August 18, 2010, plaintiff was extradited to Placer County, California, apparently to face criminal charges arising out of the collision.

///

Many of the issues that defendants have raised in their motions to dismiss overlap with issues that the Court notes in its screening of the complaint. The Court will turn first to the motion to dismiss (dkt. no. 4) of defendants Hahn and Singletary.

First, defendants Hahn and Singletary argue that plaintiff has not exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). The failure to exhaust administrative remedies is an affirmative defense, and defendants Hahn and Singletary bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants Hahn and Singletary base their argument solely upon petitioner's statement on the Court's form that he did not pursue administrative remedies. However, that statement is not proof that administrative remedies actually were available. First, defendants Hahn and Singletary have not alleged what the administrative grievance procedure was at the Washoe County Detention Facility. Second, assuming that an administrative grievance procedure existed, it is not clear whether that procedure was available to plaintiff. According to the documents that plaintiff attached to his complaint, he thought that everything was fine, and he told the same to the nurses who examined him, until August 17, 2010. Plaintiff was extradited the next morning. Defendants have not provided the Court any information that plaintiff could have started and completed the grievance procedure in that one day, or that the grievance procedure remained available to plaintiff even after he was extradited.

Second, defendants Hahn and Singletary argue incorrectly that this action is untimely. The applicable statute of limitations for a civil rights action pursuant to 42 U.S.C. § 1983 is the general personal-injury statute of limitations in the state where the alleged events occurred. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Nevada, the applicable statute of limitations is Nev. Rev. Stat. § 11.190(4)(e), which has a period of limitations of two (2) years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam). The statute that defendants Hahn and Singletary propose, Nev. Rev. Stat. § 41A.097, is inapplicable to § 1983 actions.

Third, defendants Hahn and Singletary correctly argue that plaintiff cannot state a claim pursuant to the Eighth Amendment because plaintiff was a pre-trial detainee at the time. *Bell v. Wolfish*, 441 U.S. 520, 535-37 & n.16 (1979). In the amended complaint, plaintiff will need to omit mention of the Eighth Amendment. The Fourteenth Amendment governs his claims, and it uses the same standard of deliberate indifference that the Eighth Amendment uses.

Fourth, defendants Hahn and Singletary correctly argue that plaintiff has not stated a claim pursuant to the Fourteenth Amendment. Plaintiff has sued defendants Hahn and Singletary in their official and individual capacities. While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1984) (quoting *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 n.55 (1978)). For defendants Hahn and Singletary, that entity appears to be Prison Health Services, Incorporated. A private medical provider for a jail acts under color of state law and may be sued pursuant to 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 54 (1988).

To succeed with an official-capacity claim against defendants Hahn and Singletary, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom of Prison Health Services or Washoe County. *Monell*, 436 U.S. at 690; *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012) (*Monell's* requirements apply to private entities sued under § 1983). Plaintiff does not allege any facts that could indicate that what happened to him was a result of an official policy or custom of either Prison Health Services or Washoe County. Therefore, Plaintiff has not stated official-capacity claims against defendants Hahn or Singletary.

Plaintiff also has not stated individual-capacity claims against defendants Hahn or Singletary. Plaintiff claims that they were deliberately indifferent to the condition of his foot. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause

of action under section 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Gamble*, 429 U.S. 104), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059-60.

Deliberate indifference is subjective. The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). "To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." *Snow v. McDaniel,* 681 F.3d 978, 988 (9th Cir. 2012) (internal quotations omitted).

Defendant Singletary is a supervisor. "A supervisor cannot be held personally liable under § 1983 for the constitutional deprivations caused by his subordinates, absent [her] participation or direction in the deprivation." *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir.1984) (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980)). Plaintiff does not allege any facts indicating that defendant Singletary had any knowledge of plaintiff's condition or any involvement at all. Plaintiff cannot state a claim against defendant Singletary simply because she is a supervisor.

///

Plaintiff also has not stated a claim against defendant Hahn. Plaintiff does not allege any facts showing that defendant Hahn had direct contact with plaintiff or that he had knowledge of the deteriorating conditions in plaintiff's foot before August 17, 2010. The exhibits attached to the complaint show that plaintiff told the nurses who examined him that everything was fine until August 17, 2010, when plaintiff complained about his foot. That same day, defendant Hahn wrote prescriptions for medications. Defendant Hahn could not have done anything after August 17, 2010, because plaintiff was extradited to California the next morning, and nothing in the complaint indicates that defendant Hahn could have stopped the extradition. The facts that plaintiff alleges indicates that defendant Hahn acted when he was informed about the problems with plaintiff's foot and did what he could in the limited time available.

The Court agrees with the argument of defendant Washoe County Jail in its motion to dismiss (dkt. no. 9). The Washoe County Detention Facility is an inanimate building and not an entity that is capable of being sued. The Court dismisses defendant Washoe County Jail from this action.

Defendants Singletary and Hahn have filed a motion to strike (dkt. no. 23). Plaintiff had filed a reply (dkt. no. 20) to their motion to dismiss (dkt. no. 4), and the Court's Local Rule 7-2 does not authorize such a document. The Court grants the motion to strike (dkt. no. 23).

IT IS THEREFORE ORDERED that the motion to dismiss (dkt. no. 4) of defendants Hahn and Singletary is GRANTED in part.

IT IS FURTHER ORDERED that the motion to dismiss (dkt. no. 9) of defendant Washoe County Jail is GRANTED. Defendant Washoe County Jail is DISMISSED from this action.

IT IS FURTHER ORDERED that the complaint (dkt. no. 1) is DISMISSED for failure to state a claim upon which relief can be granted, with leave to amend. The Clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended

1  complaint, if he believes that he can correct the noted deficiencies. Failure to comply
2  with this order will result in the dismissal of this action.
3        IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint
4  as such by placing the word "AMENDED" immediately above "Civil Rights Complaint
5  Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the
6  case number, 3:12-cv-00415-MMD-VPC, above the word "AMENDED."
7        IT IS FURTHER ORDERED that defendants' motion to strike (dkt. no. 23) is
8  GRANTED. The Clerk of the Court shall STRIKE plaintiff's reply (dkt. no. 20).

10       DATED THIS 7th day of January 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE