UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW A. DUBOIS,<br><br>Plaintiff,<br><br>v.<br><br>WASHOE COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 3:12-cv-00415-MMD-VPC<br><br>ORDER |

Before the Court are plaintiff's amended complaint (dkt. no. 30), defendant Hahn's motion to dismiss (dkt. no. 31), plaintiff's opposition (dkt. no. 37), and defendant Hahn's reply (dkt. no. 38).  Based upon the Court's own review of the complaint and defendant Hahn's motion, the Court dismisses this action.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citations omitted).

To restate the facts, plaintiff suffered an injury to his foot that required surgery. Plaintiff was discharged from a hospital in Reno, Nevada, to the Washoe County Detention Facility, on August 11, 2010. The Washoe County Sheriff's Office, which operates the jail, has contracted with Prison Health Services to provide medical care at the jail. Plaintiff alleges that nurses at the jail did not follow the discharge instructions, did not examine his injury, did not change the dressing, and gave him pain medication only once a day, at nighttime. Plaintiff also alleges that he complained to the nurses about his pain, but that the nurses falsely wrote "I am fine" in the medical files from August 12 through August 16, 2010. In the evening of August 17, 2010, plaintiff complained about his pain. A nurse unwrapped the dressing and then conferred with defendant Hahn, a doctor at the jail. Defendant Hahn whispered instructions to her, and she re-wrapped plaintiff's foot. In the early morning of August 18, 2010, plaintiff was extradited to California. Once in the Placer County jail, plaintiff's foot was examined, rotting tissue was removed, and plaintiff underwent surgery again. He has lost tissue permanently and his foot is deformed.

Plaintiff has sued the Washoe County Sheriff's Office, Prison Health Services, and defendant Hahn in both his official capacity and his individual capacity. Suing defendant Hahn in his official capacity is redundant because it is another way of suing

Prison Health Services, which already is a defendant. *Kentucky v. Graham*, 473 U.S. 159, 165 (1984). Any of the Court's discussions regarding Prison Health Services apply with equal force to defendant Hahn in his official capacity. A private medical provider for a jail acts under color of state law and may be sued pursuant to 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 54 (1988). To succeed with the claims against the Washoe County Sheriff's Office and Prison Health Services, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom of Prison Health Services or Washoe County. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012) (*Monell's* requirements apply to private entities sued under § 1983).

Plaintiff claims that defendants were deliberately indifferent to the need to treat his foot after surgery. The Fourteenth Amendment is the relevant constitutional provision in this case because plaintiff was a pre-trial detainee, but the deliberate-indifference principles of the Eighth Amendment apply. *Bell v. Wolfish*, 441 U.S. 520, 535-37 & n.16 (1979). "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (*quoting Gamble*, 429 U.S. 104), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059-60.

Deliberate indifference is subjective. The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety;

the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). "To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012) (internal quotations omitted). However, a difference of opinion over the appropriate course of treatment does not amount to deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

In count 1, plaintiff claims that the failure to treat his foot was a result of official policy or custom of Prison Health Services and the Washoe County Sheriff's Office. In its earlier order, the Court informed plaintiff that he had not alleged any facts indicating that what happened to him was the result of official policy or custom. In the amended complaint, plaintiff alleges that the jail's medical staff took him to the jail's infirmary and placed him into a holding cell without assessing his medical needs. Despite using the phrase, "due to the customs or policy and procedures of Washoe County Sheriff's Office and Prison Health Service Inc.," plaintiff does not allege any facts indicating that such a custom, policy, or procedure exists. Plaintiff has, at best, made a the-defendant-harmed-me allegation that *Iqbal* disapproves.

In count 2, plaintiff alleges that the nurses and Dr. Hahn attended plaintiff only once each afternoon, did not inspect his injuries despite plaintiff's complaints about his pain, and did not care for his wound. The nurses are not named defendants in this action. Dr. Hahn is a named defendant. Assuming that Dr. Hahn supervises the nurses, he cannot be liable simply because he is a supervisor. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir.1984). Furthermore, plaintiff's allegations in count 2 conflate the separate actions of the nurses and Dr. Hahn. Plaintiff's allegations earlier in the complaint still show that the nurses examined him daily, but that Dr. Hahn viewed plaintiff only once, in the evening of August 17,

2010. As the Court noted in its earlier order, plaintiff was extradited a few hours later, and plaintiff still has not alleged any facts showing that Dr. Hahn could have stopped that extradition. Furthermore, nothing in plaintiff's allegations indicates that, even if the nurses were falsifying the records, that Dr. Hahn knew about the falsifications. Plaintiff has not stated a claim that defendant Hahn was deliberately indifferent to plaintiff's serious medical needs.

Count 3 has two claims. First, plaintiff alleges that Washoe County Sheriff's Office and Prison Health Services were made aware of plaintiff's condition, because he told the nurses about his condition. However, as the Court explained in its discussion of count 1, the standard for section 1983 liability for a municipality or private organization is not whether agents of the organization knew about plaintiff's medical condition, but whether the failure to treat plaintiff's medical condition was the result of the organization's policy or custom. Plaintiff has not alleged any facts indicating that the Washoe County Sheriff's Office or Prison Health Services had a policy or custom not to treat serious medical conditions. Therefore, this part of count 3 has the same defect as count 1, and it fails to state a claim upon which relief can be granted.

Second in count 3, plaintiff next alleges that when the nurse took a look at his foot, conferred with Dr. Hahn, and then re-wrapped his foot, Dr. Hahn was deliberately indifferent to his medical condition. This part of count 3 has the same defect as count 2: Plaintiff was due to be extradited shortly, and plaintiff has not shown how Dr. Hahn could have stopped that extradition. It also fails to state a claim upon which relief can be granted.

The defects in the amended complaint are the same as the defects in the original complaint, despite the Court giving plaintiff the opportunity to correct those defects. Further amendment would not be useful, and the Court dismisses this action.

Defendant Hahn has filed a motion to stay discovery (dkt. no. 36). The motion is moot because the Court is dismissing the action.

///

1    IT IS THEREFORE ORDERED that defendant Hahn's motion to stay discovery (dkt. no. 36) is DENIED as moot.

IT IS FURTHER ORDERED that defendant Hahn's motion to dismiss (dkt. no. 31) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED for failure to state a claim upon which relief can be granted. The Clerk of the Court shall enter judgment accordingly.

DATED THIS 24th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE