UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW A. DUBOIS,<br><br>Plaintiff,<br>v.<br><br>WASHOE COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 3:12-cv-00415-MMD-VPC<br><br>ORDER |

I.  **SUMMARY**

Before the Court is Defendant Mark Hahn's Motion for Attorneys' Fees. (Dkt. no. 41.) Plaintiff has not filed a response, but has appealed the Court's Order dismissing his claims. (Dkt. no. 42.)

II.  **BACKGROUND**

This action arises from plaintiff's detention in the Washoe County Detention Facility. Based upon the allegations in the original complaint and the supporting documents that plaintiff attached to the complaint, it appears that plaintiff was involved in a vehicular collision near Truckee, California. He was transported to a hospital in Reno, Nevada, where he received surgery for his wounded right foot. Plaintiff was discharged from the hospital to the custody of the Washoe County Detention Facility on August 11, 2010. On August 17, 2010, he complained about the smell from his right foot. A nurse removed the dressing, for the first time all week according to plaintiff, and revealed necrotic tissue. According to documents attached to the complaint, defendant

Hahn ordered medications be given to plaintiff. On August 18, 2010, plaintiff was extradited to Placer County, California, apparently to face criminal charges arising out of the collision.

Plaintiff asserted claims under 42 U.S.C. § 1983 claims against defendant Hahn and other defendants. The Court dismissed the claims in the original complaint but gave Plaintiff leave to amend to correct the deficiencies identified in the Court's order. (Dkt. no. 29.) Plaintiff filed an amended complaint, which the Court subsequently dismissed for failure to state a claim. (Dkt. no. 39.) Plaintiff failed to correct the deficiencies identified in the Court's previous order.

Hahn seeks attorneys' fees incurred after the Court's dismissal of the original complaint. Hahn argues that he is entitled to attorneys' fees because Plaintiff essentially asserted the same claims and allegations as in his original complaint and sued Hahn in both his individual and official capacity.

### III. DISCUSSION

Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction over the matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, the district court retains jurisdiction to award attorneys' fees while an appeal on the merits is pending. *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). The Court thus may address Defendant's request for fees even though Plaintiff has appealed the Court's decision to dismiss claims against Defendant.

A district court in its discretion may only award reasonable attorney's fees to a prevailing defendant in an action brought under 42 U.S.C. § 1983 where the plaintiff's claims were "groundless, without foundation, frivolous or unreasonable." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987)). Moreover, although the plaintiff's indigence is not a complete bar to an award of attorney's fees, courts must nonetheless consider the

///

plaintiff's ability to pay in setting the fee award. *Patton v. County of Kings*, 857 F.2d 1379, 1382 (9th Cir.1988).

The Court finds that an award of attorneys' fees is not warranted in this case. While Plaintiff failed to correct the defects in the original complaint, the Court cannot find that his failure shows that his claims were unreasonable or frivolous in light of Plaintiff's *pro se* litigant status.

### IV.  CONCLUSION

It is therefore ordered that Defendant Mark Hahn's Motion for Attorneys' Fees (dkt. no. 41) is denied.

DATED THIS 4th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE